PER CURIAM:
Claimants brought this action for damages to their 1991 Chevrolet Cavalier which occurred when claimant Stephanie Merkle was driving the vehicle owned by her father. She was proceeding north on WV Route 52 and a rock fell from the mountain side adjacent to the road onto the vehicle she was driving causing damage to the hood. Respondent maintains WV Route 52 in Mercer County where this incident occurred. The Court is of the opinion to deny this claim for the reasons set forth below.
Claimant Stephanie Merkle described the rock fall incident which occurred on March 8, 2001, as she was driving from Bramwell and proceeding north on WV Route 52. It was sunny and clear. She was in a line of traffic driving at approximately 45 miles per hour when she suddenly was aware that a rock was falling from the side of the mountain adjacent to the road and the rock landed on top of the hood of the vehicle and then bounced across the road. WV Route 52 is a two-lane, paved highway with double yellow center lines and white edge lines. Claimant was startled by the incident so she drove onto the berm and saw a hole in the hood of the vehicle. She then proceeded to her home. Claimant is familiar with WV Route 52 since she drives back and forth from her home inNorthfork, McDowell County, to Bluefield State College in Mercer County on a daily basis to attend classes at the College. Claimant and her father took the vehicle to be repaired at a cost $903.22.
Melvin Blankenship, a Crew Leader Supervisor for respondent in Mercer County, testified that he is familiar with WV Route 52 where claimant Stephanie Merkle’s accident occurred. He explained that rocks fall occasionally in that area; however, respondent has falling rock signs in place at regular intervals on W V Route 52 to warn the traveling public.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). Respondent in the instant claim had no notice that the particular ro ck that fell on claimants ’ vehicle was going to fall from the *108 mountainside at that moment. This is the kind of hazard to which travelers of mountainous areas are subjected. Respondent’s only course of action is to place the proper warning signs in these areas which is of no consolation to the claimants herein. However, the Court is left with no option other than to deny a claim wherein'a rock suddenly falls from the mountain adjacent to the road and lands atop a vehicle. To do otherwise would place an untenable burden upon the respondent in its maintenance of the roads and highways throughout this State. Thus, the Court finds that respondent was not negligent in its maintenance of WV Route 52 on the date of claimant Stephanie Merlde’s accident.
Accordingly, the Court is the opinion to and does deny this claim.
Claim disallowed.